# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

JOHN BOREN,

    Plaintiff

v.

LINCOLN BENEFIT LIFE COMPANY,
JAMES SANDERS, JAMES SANDERS &
ASSOCIATES,

    Defendants.

No. 3 07 0449

JUDGE HAYNES

## COMPLAINT FOR NEGLIGENCE AND BREACH OF CONTRACT

JOHN BOREN ("Boren" or "plaintiff"), for his complaint, states as follows:

1. John Boren is a resident of Franklin, Williamson County, Tennessee.

2. Lincoln Benefit Life Company is, upon information and belief, a Nebraska corporation doing business in Tennessee. Lincoln's address is 2940 South 84th Street, Lincoln, NE 68506-4142, P.O. Box 80469, Lincoln, NE 68501. Pursuant to T.C.A. §56-2-504, it may be served process through the Commissioner of Insurance.

3. James Sanders ("Sanders") is an individual who resides, upon information and belief, in Woodland Hills, CA and who may be served at 22020 Clarendon St, Ste 101, Woodland Hills, CA 91367.

4. James Sanders & Associates is, upon information and belief, owned by Sanders. Sanders is an agent for James Sanders & Associates.

5. The events and insurance policy issued in this matter occurred in Tennessee.

6. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs and is between citizens of different states. Thus, jurisdiction is proper under 13 U.S.C. 1331, et seq.

7. A substantial part of the events or omissions giving rise to this claim occurred in the Middle District of Tennessee and all defendants are subject to personal jurisdiction in the Middle District of Tennessee. Thus, venue is proper pursuant to 29 U.S.C. §1391(a).

## FACTS

8. Sanders is an insurance agent licensed in Tennessee. Sanders was at all times acting as agent for Lincoln, and therefore Lincoln is liable for all acts and omissions of Sanders.

9. Sometime prior to spring, 2006, Sanders began discussing with Boren the procurement of life insurance on the life of Deonna Boren, John Boren's spouse.

10. To that end, in March, 2006, Sanders prepared illustrations of $500,000 worth of life insurance on Ms. Boren's life from two companies - Lincoln and The Cincinnati Life Insurance Company. Those illustrations are attached hereto as **Exhibit A**.

11. Ms. Boren's age at the time was 38 years old. The Lincoln illustration was based on her correct age of 38 years old. The Cincinnati illustration was based on her age being 40 years old. Ms. Boren was turning 39 years old approximately 6 weeks after the date of the illustrations.

12. Subsequently, Mr. Sanders sent Boren an application for life insurance which indicated that Ms. Boren's age was 39 years old. A copy of the front page of that application is attached hereto as **Exhibit B**.

13. Upon information and belief, because of the amount of insurance being sought, Ms. Boren was required to submit to a health examination conducted by an agent of Lincoln and for the benefit of Lincoln. The health examination was conducted on May 2, 2006 and a report was created by such agent. A copy of the examination report is attached hereto as **Exhibit C**.

2

14. The examination report did not specifically state Ms. Boren's age, but it did correctly list her birthday as being 6/15/67. Thus, both Lincoln and Sanders were informed of and were aware of Ms. Boren's correct age.

15. As a result of the illustrations, examination and representations of Mr. Sanders, Mr. and Ms. Boren agreed to purchase, Sanders agreed to obtain and Lincoln issued a life insurance policy on Ms. Boren's life in the amount of $500,000, with Mr. Boren being the beneficiary of such policy. A copy of Page 1 of the Policy is attached hereto as **Exhibit D**.

16. The Policy was issued on June 14, 2006, when Ms. Boren was 38 years old, and one day before she turned 39 years old. However, as can be seen from Exhibit D, it incorrectly listed Ms. Boren's age as being 48 years old when Lincoln as well as Mr. Sanders knew that her age was 38 (soon to be 39).

17. Mr. Boren notified Mr. Sanders that the Policy was not based on Ms. Boren's correct age. Mr. Sanders told Mr. Sanders to throw the Policy away and he would try to get Lincoln to issue a correct policy using the correct age for Ms. Boren. As a result of Ms. Sanders advice, Mr. Boren did not pay a premium for the Policy.

18. Ms. Boren died on July 15, 2006, before Boren received a corrected policy. Upon information and belief, a corrected policy had been issued but not delivered to Boren.

19. Mr. Boren submitted a claim under the Policy, but Lincoln denied the claim.

### COUNT I - NEGLIGENCE

20. The allegations of paragraphs 1-19 are incorporated herein by reference.

21. Mr. Boren agreed to purchase and defendants agreed to provide a policy of life insurance on the life of Ms. Boren in the amount of $500,000, with Mr. Boren being the beneficiary.

3

22. Defendants owed a duty to the Borens to provide a life insurance policy with the correct age for Ms. Boren. Defendants breached this duty when the policy provided was based on the incorrect age of 48 years. But for this negligence of defendants in issuing a policy with the incorrect age, the Borens would have paid the premium for the policy before Ms. Boren's death, and Mr. Boren would have been paid $500,000 in benefits.

23. In addition, defendants were negligent in advising the Boren's to not pay the premium for the policy. Had they advised the Borens to go ahead and pay the premium on the policy issued, then the Borens would have paid the premium and the policy would have been in effect at the time of Ms. Boren's death. As a result of defendants' negligence in advising Mr. Boren, Mr. Boren did not receive the $500,000 in proceeds to which he was entitled.

## COUNT II - BREACH OF CONTRACT

24. The allegations of paragraphs 1-23 are incorporated herein by reference.

25. Mr. Boren agreed to purchase, and defendants agreed to provide, a policy of insurance on the life of Ms. Boren with a correct issue age.

26. Had Mr. Boren been instructed by defendants to pay the premium on the incorrectly issued policy, he would have done so and the policy would have been in full force and effect. Thus, defendants are estopped to deny coverage based on non-payment of premium and Lincoln should pay the $500,000 of proceeds under the policy.

27. In addition, defendants breached the contract with Mr. Boren by providing a policy with the wrong age for Ms. Boren. If defendants had not breached this contract, the policy would have been in effect at the time of Ms. Boren's death and Mr. Boren would have received $500,000 in life insurance proceeds.

4

WHEREFORE, premises considered, plaintiff prays that:

1. Process issue and be served on defendants;

2. Plaintiff obtain a judgment in the amount of $500,000 against defendants, jointly and severally, for defendants' negligence;

3. Plaintiff obtain a judgment in the amount of $500,000 against defendants, jointly and severally, for defendants' breach of contract;

4. For all other relief, legal or equitable, to which plaintiff is entitled.

                         *[signature]*
RICHARD D. UNDERWOOD   (014515)
BOBBY M. LEATHERMAN   (012698)
1661 International Drive
Suite 400
Memphis, TN 38120
(901) 818-4118

5